UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIDER RUMALDO LAINEZ FLORES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE OTAY MESA DETENTION CENTER,<br><br>Respondents. | Case No.: 26-cv-168-JES-VET<br><br>**ORDER DENYING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se Petitioner, Rider Rumaldo Lainez Flores ("Petitioner"). ECF No. 1, ("Pet.").

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)"); Habeas Rule

1

1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656 (2005). A petition must state: (1) all grounds for relief, (2) facts that sufficiently support each asserted ground; (3) an explanation of how these facts give rise to a real possibility that the government engaged in unlawful conduct and/or caused some constitutional harm. Habeas Rules 2(c), 4, and 5(b); *Mayle*, 545 U.S. at 655; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

While a pro se Petitioner is not held to the standards of pleading and practice imposed upon members of the bar—they must, however, state with some specificity the facts upon which they contend their incarceration is unlawful. *Hardison v. Dunbar*, 256 F. Supp. 412, 414-15 (N.D. Cal. 1966). A Petitioner that fails to do so is not barred from seeking relief in the future, they must merely file a new petition. *Id*. (citing *Sanders v. United States*, 373 U.S. 1, 8 (1963)).

Here, Petitioner alleges that he was detained by Immigration and Customs Enforcement immediately after being released from a Texas prison. Pet at 6. Soon thereafter, Petitioner filed an asylum claim and was transferred to the Otay Mesa Detention Center, where he is currently housed. *Id*. Petitioner alleges further that the proceedings for his asylum claim are underway. *Id*. However, the logistical issues his prolonged detention will force him to continue to encounter have made, and will likely continue to make, it difficult for him to address his immigration case. *Id*.

As pled, it appears that Petitioner seeks habeas relief to continue his immigration proceedings outside of immigration custody. *Id*. at 7. In the Petition, he does not state facts regarding: (1) his immigration status, prior to being incarcerated in Texas; (2) the nature of the crime that he was convicted of, and incarcerated for; (3) whether he is subjected to mandatory detention by the Government; (4) whether, since being detained, the Government has provided him with a bond determination hearing—and if so, what was the

26-cv-168-JES-VET

immigration judge's determination; (5) the Government's determination, if any, with respect to Petitioner's credible fear claim; or (6) specifically, why his detention is unlawful. *See generally* Pet.

This information is critical in ascertaining whether Petitioner is entitled to habeas relief. *See* 28 U.S.C. § 2241. As this information and/or any facts that can show that Petitioner's detention is unlawful are absent from the Petition, the Petition is **DISMISSED without Prejudice.**

**IT IS SO ORDERED.**

Dated: January 27, 2026

Honorable James E. Simmons Jr.
United States District Judge